**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW M. SCHROCK, | ) | CASE NO. 5:13 CV 2086 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MAURINE FREDRICK, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Matthew M. Schrock filed this civil rights action under 42 U.S.C. § 1983 against attorneys Portage County Commissioner Maureen Fredrick, attorneys Steven Smith and Tim Hart, the Portage County Sheriff's Office, the Portage County Prosecutor's Office, the Portage County Public Defender's Office, the Portage County Democratic Party, Portage County Common Pleas Court Judge Laurie J. Pittman, and the Ravenna Post of the Ohio State Highway Patrol. In the Complaint, Plaintiff alleges Defendants have deprived him of his constitutionally guaranteed civil rights in connection with ongoing state criminal proceedings in the Portage County, Ohio Court of Common Pleas, *State of Ohio v. Schrock*, No. 2013 CR 164 (Ohio Ct. C.P. filed on Mar. 14, 2013) and in connection with his divorce proceedings, *Schrock v. Schrock*, No. 2010 DR 27 (Ohio Ct. C.P. filed on Jan. 19, 2010). He seeks monetary damages and injunctive relief. Plaintiff has also filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) For the reasons that follow, that motion is granted and this action is dismissed.

## I.     Background

Plaintiff claims in his Complaint that Defendants "throughout the year of 2012, and 2013, (at separate and at same occurrences during a Serious Criminal Case) violated his Civil Rights" under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.  (Doc. No. 1 at 3.) Further, he alleges that since 2009, Defendants deprived him of his rights guaranteed by the Fifth, Fourteenth, and Seventh Amendments in connection with a domestic relations action in the state court.  The Complaint, however, contains little in the way of factual allegations.

Publicly available state court records indicate that on March 14, 2013, a Portage County, Ohio grand jury indicted Plaintiff on charges of disrupting public services, aggravated menacing, and telecommunications harassment.  *Schrock*, *supra*, No. 2013 CR 164.[1]  Those proceedings remain ongoing.[2]

---

[1]     *Available at* http://www.co.portage.oh.us/pa/pa.urd/pamw2000*docket_lst?89462942.

[2]
    The state court docket reflects that Plaintiff entered a written guilty plea to one count of attempted disruption of public services and one count of telecommunications harassment.  The remaining counts of the indictment were dismissed by the state and Plaintiff was released on bond pending sentencing.  As a condition of bond, the state court ordered Plaintiff placed under Secure Continuous Remote Alcohol Monitored House Arrest (SCRAMx) at his residence located at 293 Shultz Street, Akron, Ohio.
    On September 18, 2013, the State moved for revocation of Plaintiff's bond on the grounds that he had violated his SCRAMx agreement and failed to make contact with his probation officer. The state court set the motion for a hearing on September 23, 2013.  A September 24, 2013 docket entry indicates Plaintiff forfeited his bond and that the state court issued a capias warrant to the Portage County Sheriff's Office for his arrest.  A letter filed with the state court on October 1, 2013 states Plaintiff has not returned to his Schultz Street residence since September 23, 2013 and that the homeowner has been unable to reach Plaintiff because his cell phone has been turned off.
    Plaintiff has failed to provide this Court with notice of his current address.  It is the party, not the Court, who bears the burden of apprising the Court of any changes to his mailing address. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion where movants claimed they did not receive mail informing them of
                                                                            (continued...)

Plaintiff alleges that during his criminal proceedings, Defendants have deprived him of the his rights: "to redress the court(s)" under the First Amendment; "to be secure in his papers and effects" under the Fourth Amendment, by opening his legal mail, failing to allow him to send certified mail, and supplying information to the State; to due process and equal protection under the Fifth and Fourteenth Amendments; to effective assistance of counsel under the Sixth Amendment, when defense counsel "conspired with the judge," was "dishonest" with Plaintiff, and did not give "sound advice," and when Defendants "deliberately withheld" exculpatory information causing Plaintiff to "unintelligently" enter a guilty plea; and under the Eighth Amendment's prohibition on excessive bail and "unusual punishment" due to "improper treatment of medical and other treatment while detained and confined in custody of house arrest." (Doc. No. 1 at 3-4.)

Plaintiff also claims constitutional violations by Defendants stemming from his divorce proceedings. Public records reflect that Plaintiff's former wife Julie K. Schrock filed for divorce on January 19, 2010. *Schrock*, *supra*, No. 2010-DR-27.[3] The state court granted the decree on May 20, 2010. During those proceedings, Plaintiff claims Defendants violated his Fifth Amendment right to equal protection, his Fourteenth Amendment right to due process, and his Seventh Amendment right to trial. He also seeks to include his children as named plaintiffs in this action because they "have experienced damages by the Defendants." (Doc. No. 1 at 5.)

_____

[2](...continued)
court's entry of summary judgment due to house fire); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit." (citation omitted)); *Watsy v. Richards*, No. 86-856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal for failure to prosecute where appellant failed to provide district court with "current address necessary to enable communication with him").

[3]    *Available at* http://www.co.portage.oh.us/pa/pa.urd/pamw2000*docket_lst?73764105.

-3-

Plaintiff requests that this Court issue a preliminary injunction restraining Defendants from "committing any more illegal acts or constitutional rights deprivations during any civil or criminal proceedings, and that any further criminal or civil proceedings be removed by change of venue, outside of Defendant[s'] jurisdiction, so that Plaintiff may have [the] benefit of fair trial proceedings," and restraining Defendants or their "operatives" from harassing, speaking to, or questioning Plaintiff's children or his former wife "regarding matters in this Court without permission from the U.S. District Judge." (*Id.* at 6.) He also seeks monetary damages. Further, he asks the Court to appoint him counsel in this case.

## II.    Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)).

A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a

-4-

complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 557 (citation omitted).

**III.    Analysis**

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

**A.    Proper Parties**

As an initial matter, Plaintiff cannot assert claims under § 1983 on behalf of his children. A *pro se* litigant may not represent anyone other than him or herself.  *See e.g. Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer"); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself"); *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (stating that 18 U.S.C. § 1654 "does not allow for unlicensed laymen to represent anyone else other than themselves"); *Cochran v. Nelson*, No. 93–3521, 1994 W L 28648, at *3 (6th Cir. Feb. 1, 1994) ("Because [plaintiff] is not an attorney, he may not represent his son in federal court").  Claims asserted in a § 1983 action are personal to the injured party. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003).  Plaintiff lacks standing to assert violations of his

children's constitutional rights.  *See id.*

Next, Plaintiff names a number of county agencies and County Commissioner Maurine Fredrick as Defendants.[4]  As a rule, local governments may not be sued under § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability.  *Powers v. Hamilton Cnty. Public Defenders Commission*, 501 F.3d 592, 607 (6th Cir. 2007).  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Moreover, in order to state a claim against a local government under § 1983, a plaintiff must show that his injury was caused by an unconstitutional "policy" or "custom" of the local government.  *Powers*, 501 F.3d at 607; *see also Monell*, 436 U.S. at 692; *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997).  There are no such allegations in Plaintiff's Complaint.

Plaintiff also names his court appointed defense attorneys as Defendants.  It is firmly established, however, that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1981).  Defendants Hart and Smith in this case were Plaintiff's court appointed defense counsel.  Merely being a participant in litigation does not make a private party a co-conspirator or joint actor

---

[4]

Plaintiff's Complaint does not indicate whether he intends to assert a personal and/or official capacity claim against Commissioner Fredrick.  "Where a lawsuit challenges official action without providing sufficient notice of an intention to assert a personal capacity claim against state officials or employees, it must be presumed that state officials or employees are sued in the official capacity only."  *Benson v. O'Brien*, 67 F. Supp. 2d 825, 830 n.9 (N.D. Ohio 1999) (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1037–38 (6th Cir. 1995); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).  A claim for damages against a state or municipal officer in his official capacity is the equivalent of an action against the public entity he represents.  *Will v. Mich. Dept' of State Police*, 491 U.S. 58, 71 (1989). The claims against the Commissioner are therefore construed against Portage County.  *Id.*

-6-

with the state. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980).  Further, there is no allegation that Defendants Hart and Smith exercised any powers that are traditionally exclusively reserved to the state.  Consequently, Plaintiff has no cause of action against these Defendants for violation of his civil rights under § 1983.

Likewise, the Portage County Democratic Party is a private political organization, not a government actor for purposes of § 1983. *See Banchy v. Republican Party of Hamilton Cnty.*, 898 F.2d 1192 (6th Cir. 1990); *Johnson v. Knowles*, 113 F.3d 1114, 1120 (9th Cir. 1997).  Although a county political organization may conceivably act under color of state law for some purposes, *see id.*, there are no allegations in the Complaint with regard to the county Democratic Party's conduct, much less any allegations connecting it to the governmental entities sued in this action.

Moreover, an action for damages cannot be brought against the Ohio State Highway Patrol. A State or its agencies may not be sued in federal court unless the State has consented to such a suit or its immunity has been properly abrogated by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996).  The Eleventh Amendment is an absolute bar to the imposition of liability upon states and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Finally, Judge Pittman is absolutely immune from damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Judicial officers are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115.  A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.  Absolute immunity is overcome only in

-7-

two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116; *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). The Complaint is devoid of any such allegations. Accordingly, Judge Pittman is immune from damages.

### B.    Failure to State a Claim

Even if the named Defendants could be held liable under § 1983, Plaintiff has otherwise failed to state any cognizable federal claim for relief. While Plaintiff cites several Constitutional Amendments, he offers only vague and conclusory remarks as to how these Amendments may have been violated by the Defendants. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would require "[the] courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* (citation omitted). Plaintiff's Complaint is comprised entirely of legal conclusions. This is not sufficient to meet the basic federal notice pleading requirements. *Iqbal*, 556 U.S. at 678.

Moreover, insofar as the state criminal proceedings against Plaintiff are still pending, this

Court must abstain from hearing challenges to those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844–48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interfere[s] with the legitimate activities of the States." *Younger*, 401 U.S. at 44.

Because Plaintiff's criminal case is still pending all three factors supporting abstention are present. State court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44–45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state

-9-

procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against Plaintiff.

Generally, the *Younger* doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998); *see also Myers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 206-07 (6th Cir. Aug. 7, 2001). However, as discussed herein, because Plaintiff has failed to state a viable claim for damages against any of the Defendants, this case must be dismissed. *See Wheat v. Jessamine Journal Newspaper*, No. 95-6426, 1996 WL 476435, at *1 (6th Cir. Aug. 20, 1996) (stating that it was proper for the district court to dismiss plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a valid claim for relief).

Furthermore, Plaintiff cannot proceed with a civil rights action challenging the validity of the state court criminal proceedings unless he also alleges the charges were resolved in his favor. A person convicted of a crime may not raise claims under § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at * 1 (6th Cir. May 5, 1998). The rule in *Heck* applies pre-conviction as well as post conviction. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398 (6th Cir. 1999); *see Gorenc v. City of Westland*, No. 02-2456, 2003 WL 21782610 (6th Cir. July 31, 2003) (finding plaintiff's pre-trial challenge under §1983 to a speeding ticket is barred by *Heck*

-10-

because it would necessarily imply the invalidity of the traffic citation).  *Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges.  *Gorenc*, 2003 WL 21782610 at * 2; *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999).  Plaintiff's constitutional claims challenge the validity of the criminal proceedings against him.  To assert these claims, he must first demonstrate that his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision.  He has not done so.  Absent this information, claims of this nature cannot be asserted in a civil rights action.

Finally, to the extent Plaintiff's Complaint pertains to his domestic relations action, such issues are within the exclusive jurisdiction of the states and fall outside the scope of federal jurisdiction.  Federal courts will not accept jurisdiction in domestic relations cases, and this has been the rule even in diversity actions.  *Gargallo v. Gargallo*, 472 F2 1219 (6th Cir. 1973).  In *In re Burrus*, 136 U.S. 586, 593-94 (1890), the Supreme Court stated, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."  *See also Harris v. Turner*, 329 F2 918 (6th Cir. 1964).  "[U]nder the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are 'a mere pretense and the suit is actually concerned with domestic relations issues.'" *Saunders v. Obama*, No. 1:10–cv–836, 2012 WL 1030473, at *5 (S.D. Ohio Mar. 27, 2012) (quoting *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2002)).  Plaintiff's conclusory references to violations of his civil rights are not sufficient–even if they did not merit dismissal for failure to state a claim for relief–to

-11-

grant federal jurisdiction.  *See, e.g., Aitken v. Child Support Enforcement Agency*, No. 1:07 CV 141, 2007 WL 963278, at *2 (N.D. Ohio Mar.  28, 2007) (dismissing under § 1915(e) plaintiff's due process claim based upon allegation that support enforcement agency improperly awarded child support in his absence when he could not attend hearing).[5]

## IV.     Conclusion

Accordingly, for all the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).[6]  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[7]

IT IS SO ORDERED.

Date: 10/15/2013                          ___/s/John R. Adams_____
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE

_____

[5]

Even if this Court could exercise jurisdiction over Plaintiff's claims regarding his state divorce proceedings, any such federal claims are time barred.  In Ohio, the two-year statute of limitations provided for in Ohio Rev. Code § 2305.16 applies to § 1983 claims.  *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995).  It is apparent on the face of the Complaint that the statute of limitations for bringing a § 1983 claim related to the domestic relations proceedings expired long before Plaintiff filed this action.  Plaintiff challenges conduct occurring in the domestic relations action in 2009 and 2010.  This action was filed on September 19, 2013, well beyond the expiration of the limitations period for bringing any civil rights claims under 42 U.S.C. § 1983 related to Plaintiff's divorce proceedings.

[6]

Plaintiff has also requested this court to appoint counsel to represent him in this matter.  Upon consideration of Plaintiff's complaint and the factors set forth in *Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987), the request is denied.

[7]

28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

-12-